IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKENTEK RESIDENTIAL<br>SYSTEMS, LLC<br>708 Stokes Road<br>Medford, NJ 08055 | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | |
| REID BUERGER<br>225 Mathers Road,<br>Ambler, PA 19002 | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| KRISTA BUERGER<br>225 Mathers Road,<br>Ambler, PA 19002 | : | |
| | : | |
| | : | |
| HARNER MANAGEMENT, LLC<br>c/o The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801 | : | |
| | : | |
| HARNER REALTY 1, LLC<br>7111 Valley Green Road<br>Fort Washington, PA 19034 | : | |
| | : | |
| MATHERS ROAD, LP<br>7111 Valley Green Road<br>Fort Washington, PA 19034 | : | |
| | : | |
| 4301 BAYBERRY DRIVE, LLC<br>7111 Valley Green Road<br>Fort Washington, PA 19034 | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff, Frankentek Residential Systems, LLC, by and through its undersigned counsel,

hereby files this Complaint against Defendants, Reid Buerger, Krista Buerger, Harner

Management, LLC, Harner Realty 1, LLC, Mathers Road, LP and 4301 Bayberry Drive, LLC, and in support thereof, states as follows:

## PARTIES

1.     Plaintiff, Frankentek Residential Systems, LLC ("Frankentek"), is a New Jersey limited liability company in the business of providing state of the art design, engineering, labor, equipment and materials to implement, coordinate and control various home systems, including but not limited to climate control, media, tele-communications, lighting and security.

2.     Frankentek has been in business for 23 years and is recognized an industry leader in the work described in paragraph 1 above.   Its customers are typically high net worth individuals, who desire and can afford, the latest cutting edge technology in their homes, vacation homes and yachts.  Frankentek's members are Marc Franken and Michael Pavluk, who are both individuals residing in New Jersey.

3.     Frankentek is, therefore, a citizen of New Jersey.

4.     Upon information and belief, Defendants, Reid Buerger and Krista Buerger (collectively, "Buerger Defendants"), are individuals who reside at 225 Mathers Road, Ambler, PA 19002.  Defendant Reid Buerger is the Executive Vice President and a shareholder of Coventry, located in Fort Washington, Pennsylvania; a leading company in the life settlement industry with sales in excess of one million dollars ($1,000,000.00) per year.  Defendant Krista Buerger also is employed by Coventry First and holds the office of Vice President.

5.     Upon information and belief, Defendant Harner Management, LLC ("Harner Management") is a limited liability company organized and existing pursuant to the laws of the State of Delaware with a registered agent located at 1209 Orange Street, Wilmington, DE 19801.

6.     Upon information and belief, Defendant Harner Realty 1, LLC ("Harner LLC") is a limited liability company organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business located at 7111 Valley Green Road, Fort Washington, PA 19034.

7.     Upon information and belief, Defendant Mathers Road, LP ("Mathers LP") is a limited partnership organized and existing pursuant to the laws of the Commonwealth of Pennsylvania with a principal place of business located at 7111 Valley Green Road, Fort Washington, PA 19034.

8.     Upon information and belief, Defendant 4301 Bayberry Drive, LLC ("Bayberry LLC"), is a limited liability company organized and existing pursuant to the laws of the State of New Jersey with a principal place of business located at 7111 Valley Green Road, Fort Washington, PA 19034.

9.     Upon information and belief, Harner Management, Harner LLC, Mathers LP and Bayberry LLC are all related entities owned and/or operated by Reid Buerger and/or Krista Buerger.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(c) based on diversity of citizenship and an amount in controversy which exceeds $75,000.00, exclusive of interest and costs.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) and/or 1391(a)(2).factual background.

## Stenton Ave. Residence

12.     In or about March 2009, Frankentek entered into a verbal agreement (the "Stenton Agreement") with Buerger Defendants for work to be performed at 91 Stenton Avenue, Plymouth Meeting, PA 19462 ("Stenton Ave. Residence").

13.     The title owner of the Stenton Ave. Residence is Defendant Reid Buerger.

14.     The work performed by Frankentek included, without limitation, furnishing and installing custom audio visual equipment in the Stenton Ave. Residence, and designing and performing additional custom upgrades to the audio visual system on the Stenton Ave. Residence.

15.     The work under the Stenton Agreement was performed on a time and material basis and Frankentek performed work related to the Stenton Ave. Residence from April 2009 until July 2010.

16.     Frankentek submitted invoices to Buerger Defendants for payment for services rendered for the Stenton Ave. Residence in an amount totaling $24,970.63.  True and correct copies of the unpaid invoices are attached as Exhibit "A."

17.     Buerger Defendants paid a number of invoices to Frankentek by checks from their personal account as well as the account of Harner Management, an entity owned and/or controlled by Reid Buerger.

18.     Of the $24,970.63 Frankentek billed for this work, Frankentek only received payments in the amount of $17,994.56.  A true and correct copy of a statement of account is attached as Exhibit "B."

19.     Despite demand, Buerger Defendants and Harner Management have failed to pay $6,976.07, which remains due and owing.

## Harner Farm Residence

20.     In or about March 2009, Buerger Defendants entered into a verbal agreement (the "Harner Agreement") with Frankentek for work at the residence located at 6101 Sheaff Lane, Fort Washington, PA 19034 ("Harner Farm Residence").

21.     The title owner of the Harner Farm Residence is Defendant Harner LLC.

22.     The work performed by Frankentek included, without limitation, labor and materials necessary for the design, engineering and installation of custom telephone systems, closed circuit television systems, security systems, lighting systems, HVAC control systems, audio video systems, computer networking systems, and integrated control systems for a new residence to be constructed, as well as labor and materials necessary for the design, engineering, and installation of a construction surveillance system.

23.     The Work under the Harner Agreement was performed on a time and material basis and Frankentek performed work related to the Harner Farm Residence from March 2009 until September 2010.

24.     Frankentek submitted invoices to Buerger Defendants and Harner LLC for payment for services rendered for the Harner Farm Residence in an amount totaling $112,742.64. True and correct copies of the unpaid invoices are attached as Exhibit "C."

25.     Buerger Defendants and Harner LLC paid a number of invoices to Frankentek by checks from the account of Harner Management, an entity owned and/or controlled by Reid Buerger.

26.     Of the $112,742.64 billed to Buerger Defendants and Harner LLC for work involving the Harner Farm Residence, Frankentek only received payments in the amount of $80,741.63. A true and correct copy of a statement of account is attached as Exhibit "D."

27.    Despite demand, Buerger Defendants, Harner LLC and Harner Management have failed to pay $32,001.01, which remains due and owing.

**Mathers Road Residence**

28.    In or about December 2009, Buerger Defendants entered into a verbal agreement (the "Mathers Agreement") with Frankentek for the performance of work at the residence located at 225 Mathers Road, Ambler, PA 19002 ("Mathers Road Residence").

29.    The title owner of the Mathers Road Residence is Mathers LP.

30.    The work performed by Frankentek included, without limitation, labor and materials necessary for the design, engineering, upgrade and/or custom installation of telephone systems, closed circuit television systems, security systems, lighting systems, HVAC control systems, audio video systems, computer networking systems, certain specialty systems such as biometric access control systems, thermal scanning cameras, door lock monitoring systems, interior microphone systems and integrated control systems at the Mathers Road Residence.

31.    Buerger Defendants and Mathers LP intended to use the Mathers Road Residence as an interim residence until construction was completed at the Harner Farm Residence.

32.    The Work at the Mathers Road Residence was performed on a time and material basis and Frankentek performed work related to the Mathers Road Residence from December 2009 until October 2010.

33.    During that time period, Buerger Defendants and Mathers LP directed and approved numerous changes to the Work at the Mathers Road Residence, which substantially increased Frankentek's costs of the labor. These changes, together with Buerger Defendants' failure to coordinate with the other contractors on site, caused substantial delays and increased costs to Frankentek, all of which are recoverable as time and material costs.

34.     Frankentek submitted invoices to Buerger Defendants, Mathers LP and Harner Management for payment for services rendered for the Mathers Road Residence.  True and correct copies of the unpaid invoices are attached as Exhibit "E."

35.     Buerger Defendants and Mathers LP paid a number of invoices to Frankentek by checks from the account of Harner Management, an entity owned and/or controlled by Reid Buerger.

36.     Notwithstanding the submission of monthly invoices to Buerger Defendants, Mathers LP and Harner Management, it was not until a substantial balance of payment was past due and owing that Buerger Defendants communicated a complaint about the cost of the work.

37.     Of the $1,061,200.63 billed to Buerger Defendants, Mathers LP and Harner Management for work involving the Mathers Road Residence, Frankentek only received payments in the amount of $596,572.39.  A true and correct copy of a statement of account is attached as Exhibit "F."

38.     Despite demand, Buerger Defendants, Mathers LP and Harner Management have failed to pay $464,628.24, which remains due and owing.

### Bayberry Residence

39.     In 2008, Frankentek entered into a verbal agreement (the "Bayberry Agreement") with Buerger Defendants and Bayberry LLC to perform a variety of design and installation services for a complete and integrated custom media, tele-communications, security and climate control system at their beach/vacation home located at 4301 Bayberry Drive, Avalon, New Jersey (the "Bayberry Residence).

40.     The title owner of the Bayberry Residence is Bayberry LLC.

7

41. Although Frankentek had sought a signed written agreement, none was obtained and Frankentek and Buerger Defendants and Bayberry LLC agreed that the work at the Bayberry Residence would be performed on a time and materials basis.

42. Under the terms of the Bayberry Agreement, Buerger Defendants and Bayberry LLC were obligated to pay for all equipment and materials at a twelve and a half percent (12.5%) discount off Frankentek's standard billing price for materials and to pay Frankentek's standard rates for all labor necessary to install the equipment and materials at the Bayberry Residence.

43. The work (the "Work") to be performed by Frankentek for Buerger Defendants and Bayberry LLC at the Bayberry Residence and under the Bayberry Agreement included, without limitation, design and engineering, as well as:

    a.    labor and materials in connection with the installation of a custom audio and video distribution system;

    b.    labor and materials in connection with the installation of a custom lighting control system;

    c.    labor and materials in connection with the installation of a custom alarm system;

    d.    labor and materials in connection with the installation of a custom house control system;

    e.    labor and materials in connection with the installation of a custom house battery backup and surge system;

    f.    labor and materials in connection with the installation of a custom closed circuit television system;

    g.    labor and materials in connection with the installation of a custom access entry system;

    h.    labor and materials in connection with the installation of a custom fire alarm and detection system; and

    i.    labor and materials in connection with the construction of a custom media room with large screen television; and

    j.    labor and materials for a custom computer network system.

44.    During the course of performance of the Work, other contractors also were engaged by Buerger Defendants and Bayberry LLC to perform substantial renovations to the Bayberry Residence.  Frankentek performed work at the Bayberry Residence from January 2009 until November 2010.  In that time, Buerger Defendants and Bayberry LLC directed and approved changes to the Work, which substantially increased Frankentek's cost of labor.  These changes, together with Buerger Defendants' and Bayberry LLC's failure to coordinate Frankentek's work with the other contractors on site, caused substantial delays and increased costs to Frankentek, all of which are recoverable as time and material costs under the Bayberry Agreement.

45.    Frankentek submitted monthly invoices to Buerger Defendants and Bayberry LLC for payment for services rendered at the Bayberry Residence.  True and correct copies of the unpaid invoices are attached as Exhibit "G."

46.    Buerger Defendants paid a number of invoices to Frankentek by checks from the account of Bayberry LLC, the personal account of Buerger Defendants and the account of Harner Management, an entity owned and/or controlled by Reid Buerger.

47.    Notwithstanding the submission of numerous monthly invoices to Buerger Defendants and Bayberry LLC, it was not until a substantial balance of payment was past due and owing that Defendant Reid Buerger for the first time communicated a complaint to Frankentek about the cost of the Work.

48.    As of December 2010, Frankentek billed $1,216,187.15 to Buerger Defendants and Bayberry LLC for the Work and Buerger Defendants directed payment to Frankentek in the amount of $570,831.78.  A true and correct copy of a statement of account is attached as Exhibit "H."

9

49. Despite repeated demand, Buerger Defendants and Bayberry LLC have failed to pay to Frankentek $645,355.37, which remains due and owing.

### Modification to Agreement

50. In January 2010, Frankentek and all Defendants agreed to modify the terms of their agreement for the time and material work under the Stenton Agreement, the Harner Agreement, the Mathers Agreement and the Bayberry Agreement. The parties agreed that Buerger Defendants and/or their controlled entities, including Harner Management and Bayberry LLC, would pay Frankentek for materials at cost with no markup and pay for labor on a cost plus basis. A true and correct copy of the email explaining the change in pricing is attached as Exhibit "I."

51. This change in payment terms resulted in a net savings to all Defendants.

52. This change in payment terms applied to work performed by Frankentek beginning in January 2010 and thereafter for all Defendants' existing and future projects on which Frankentek worked, including but not limited to the Stenton Ave. Residence, the Harner Farm Residence, the Mathers Road Residence and the Bayberry Residence.

### Anthony Mastropiero

53. On or about January 25, 2010, Frankentek hired an individual by the name of Anthony Mastropiero ("Mastropiero") to work as a project manager and lead engineer for Frankentek.

54. Specifically, Mastropiero was hired to manage and engineer Frankentek's work at the Mathers Road Residence and the Harner Farm Residence.

55. After joining Frankentek, Mastropiero also took on project management and engineer responsibilities at the Bayberry Residence.

56. Thereafter, in or about the summer or fall of 2010, Buerger Defendants, along with Reid Buerger's parents, Alan and Constance Buerger, (collectively, the "Buerger's"), engaged in a deliberate course of conduct in an attempt to encourage essential, valuable and highly skilled personnel of Frankentek to terminate their employment with Frankentek and begin working directly for the Buerger's.

57. Sometime prior to December 2010, Mastropiero reached a secret agreement with Defendant Reid Buerger whereby Mastropiero would terminate his employment relationship with Frankentek and commence work in the exact same capacity as previously performed as an employee of Frankentek, for the Buerger's directly.

58. On or about December 20, 2010, Mastropiero informed Frankentek that he was terminating his relationship with Frankentek as of December 31, 2010.

59. At the time of Mastropiero's termination of his employment with Frankentek, Mastropiero was earning an annual salary of $70,000.00.

60. At no time did Mastropiero ever disclose to Frankentek that he would be going to work directly for the Buerger's after leaving Frankentek.

## COUNT I– BREACH OF CONTRACT
### (Stenton Ave. Residence)

61. Frankentek incorporates by reference paragraphs 1-19 and 50-60 as if fully set forth herein.

62. Frankentek entered into an agreement with Buerger Defendants and Harner Management to perform work related to the Stenton Ave. Residence.

63. Frankentek performed its work in a timely, workmanlike, and professional manner.

11

64.    All conditions precedent to Frankentek's right to recover the amounts set forth herein have been met or otherwise waived.

65.    Buerger Defendants and Harner Management have failed to pay for work performed by Frankentek.

66.    Buerger Defendants' and Harner Management's failure to pay Frankentek for work it performed on the Stenton Ave. Residence is a material breach of the Stenton Agreement.

67.    As a direct and proximate result of this material breach by Buerger Defendants and Harner Management, Frankentek has incurred damages in excess of $6,976.07, exclusive of interest, costs and attorneys' fees.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants, Reid Buerger, Krista Buerger and Harner Management, LLC in an amount in excess of $6,976.07, together with interest, costs of suit, attorneys' fees, penalties and such other relief as this Court deems just, proper and equitable.

## COUNT II – VIOLATION OF THE CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT, 73 P.S. § 501, *et seq.*
### (Stenton Ave. Residence)

68.    Frankentek incorporates by reference paragraphs 1-19 and 50-67 as if fully set forth herein.

69.    Frankentek is a "Contractor" within the meaning of Section 502 of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.* (the "Act").

70.    Buerger Defendants are an "Owner" within the meaning of Section 502 of the Act.

71.    Frankentek was retained to "improve" "real property" at the Stenton Ave. Residence within the meaning of Section 502 of the Act.

12

72.     Buerger Defendants and Harner Management failed to timely pay Frankentek's invoices for work performed relating to the Stenton Ave. Residence.

73.     Buerger Defendants and Harner Management did not provide notice to Frankentek of any deficiency items associated with the labor, materials or services provided by Frankentek relating to the Stenton Ave. Residence within seven (7) days of receipt of Frankentek's invoices, in order to withhold payment in accordance with the provisions of the Act.

74.     Frankentek is, therefore, entitled to interest, penalties and attorneys' fees under the Act.

75.     These damages will continue to accrue during the pendency of this action.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger and Harner Management, LLC in an amount in excess of $6,976.07, together with interest, costs of suit, attorneys' fees, penalties and such other relief as this Court deems just, proper and equitable.

## COUNT III - UNJUST ENRICHMENT
### (Stenton Ave. Residence – In the Alternative)

76.     Frankentek incorporates by reference paragraphs 1-19 and 50-75 as if fully set forth herein.

77.     Frankentek provided labor, materials and services for Defendants' benefit, fully expecting compensation for such services.

78.     Buerger Defendants and Harner Management accepted and appreciated the benefit of the labor, materials and services provided by Frankentek for the Stenton Ave. Residence.

79.   Buerger Defendants' and Harner Management's retention of the benefits of the labor, materials and services provided by Frankentek without compensating Frankentek for such work would be unjust.

80.   The reasonable value of the unpaid labor, materials and services provided by Frankentek for the Stenton Ave. Residence is in excess of $6,976.07, exclusive of interest and costs.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger and Harner Management, LLC in an amount in excess of $6,976.07, together with interest, costs of suit, and such other relief as this Court deems just, proper and equitable.

## COUNT IV– QUANTUM MERUIT
### (Stenton Ave. Residence – In the Alternative)

81.   Frankentek incorporates by reference paragraphs 1-19 and 50-80 as if fully set forth herein.

82.   Buerger Defendants and Harner Management have received the benefit of certain labor, materials and services provided by Frankentek for the Stenton Ave. Residence.

83.   Frankentek is entitled to the *quantum meruit* value of the labor, materials and services provided for Defendants' benefit for the Stenton Ave. Residence.

84.   The reasonable *quantum meruit* value of the labor, materials and services provided by Frankentek to Buerger Defendants and Harner Management is in excess of $6,976.07, exclusive of interest and costs.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger and Harner Management, LLC in

an amount in excess of $6,976.07, together with interest, costs of suit, and such other relief as this Court deems just, proper and equitable.

## COUNT V– BREACH OF CONTRACT
### (Harner Farm Residence)

85.   Frankentek incorporates by reference paragraphs 1-11, 20-27 and 50-60 as if fully set forth herein.

86.   Frankentek entered into an agreement with Buerger Defendants, Harner LLC and Harner Management to perform work related to the Harner Farm Residence.

87.   Frankentek performed its work in a timely, workmanlike, and professional manner.

88.   All conditions precedent to Frankentek's right to recover the amounts set forth herein have been met or otherwise waived.

89.   Buerger Defendants, Harner LLC and Harner Management have failed to pay for work performed by Frankentek.

90.   Buerger Defendants', Harner LLC's and Harner Management's failure to pay Frankentek for work it performed on the Harner Farm Residence is a material breach of the parties' agreement.

91.   As a direct and proximate result of this material breach by Buerger Defendants, Harner LLC and Harner Management, Frankentek has incurred damages in excess of $32,001.01, exclusive of interest, costs and attorneys' fees.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, Harner Realty 1, LLC and Harner Management, LLC  in an amount in excess of $32,001.01, together with interest, costs of suit, attorneys' fees, penalties and such other relief as this Court deems just, proper and equitable.

## COUNT VI – VIOLATION OF THE CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT, 73 P.S. § 501, *et seq.*
### (Harner Farm Residence)

92.     Frankentek incorporates by reference paragraphs 1-11, 20-27, 50-60 and 85-91 as if fully set forth herein.

93.     Frankentek is a "Contractor" within the meaning of Section 502 of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.* (the "Act").

94.     Buerger Defendants and Harner LLC are "Owners" within the meaning of Section 502 of the Act.

95.     Frankentek was retained to "improve" "real property" at the Harner Farm Residence within the meaning of Section 502 of the Act.

96.     Buerger Defendants and Harner LLC failed to timely pay Frankentek's invoices for work performed relating to the Harner Farm Residence.

97.     Buerger Defendants and Harner LLC did not provide notice to Frankentek of any deficiency items associated with the labor, materials or services provided by Frankentek relating to the Harner Farm Residence within seven (7) days of receipt of Frankentek's invoices, in order to withhold payment in accordance with the provisions of the Act.

98.     Frankentek is, therefore, entitled to interest, penalties and attorneys' fees under the Act.

99.     These damages will continue to accrue during the pendency of this action.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger and Harner Realty 1, LLC in an amount in excess of $32,001.01, together with interest, costs of suit, attorneys' fees, penalties and such other relief as this Court deems just, proper and equitable.

## COUNT VII - UNJUST ENRICHMENT
### (Harner Farm Residence – In the Alternative)

100.    Frankentek incorporates by reference paragraphs 1-11, 20-27, 50-60 and 85-99 as if fully set forth herein.

101.    Frankentek provided labor, materials and services for Buerger Defendants', Harner LLC's and Harner Management's benefit, fully expecting compensation for such services.

102.    Buerger Defendants, Harner LLC and Harner Management accepted and appreciated the benefit of the labor, materials and services provided by Frankentek for the Harner Farm Residence.

103.    Buerger Defendants', Harner LLC's and Harner Management's retention of the benefits of the labor, materials and services provided by Frankentek without compensating Frankentek for such work would be unjust.

104.    The reasonable value of the unpaid labor, materials and services provided by Frankentek for the Harner Farm Residence is in excess of $32,001.01, exclusive of interest and costs.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, Harner Realty 1, LLC and Harner Management, LLC in an amount in excess of $32,001.01, together with interest, costs of suit, and such other relief as this Court deems just, proper and equitable.

## COUNT VIII– QUANTUM MERUIT
### (Harner Farm Residence – In the Alternative)

105.    Frankentek incorporates by reference paragraphs 1-11, 20-27, 50-60 and 85-104 as if fully set forth herein.

106.    Buerger Defendants, Harner LLC and Harner Management have received the benefit of certain labor, materials and services provided by Frankentek for the Harner Farm Residence.

107.    Frankentek is entitled to the *quantum meruit* value of the labor, materials and services provided for Buerger Defendants', Harner LLC's and Harner Management's benefit for the Harner Farm Residence.

108.    The reasonable *quantum meruit* value of the labor, materials and services provided by Frankentek to Buerger Defendants, Harner LLC and Harner Management is in excess of $32,001.01, exclusive of interest and costs.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, Harner Realty 1, LLC and Harner Management, LLC in an amount in excess of $32,001.01, together with interest, costs of suit, and such other relief as this Court deems just, proper and equitable.

## COUNT IX– BREACH OF CONTRACT
### (Mathers Road Residence)

109.    Frankentek incorporates by reference paragraphs 1-11, 28-38 and 50-60 as if fully set forth herein.

110.    Frankentek entered into an agreement with Defendants to perform work related to the Mathers Road Residence.

111.    Frankentek performed its work in a timely, workmanlike, and professional manner.

112.    All conditions precedent to Frankentek's right to recover the amounts set forth herein have been met or otherwise waived.

113.    Buerger Defendants, Mathers LP and Harner Management have failed to pay for work performed by Frankentek.

114.    Buerger Defendants', Mathers LP's and Harner Management's failure to pay Frankentek for work it performed on the Mathers Road Residence is a material breach of the parties' agreement.

115.    As a direct and proximate result of this material breach by Buerger Defendants, Mathers LP and Harner Management, Frankentek has incurred damages in excess of $464,628.24, exclusive of interest, costs and attorneys' fees.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, Mathers Road, LP and Harner Management, LLC in an amount in excess of $464,628.24, together with interest, costs of suit, attorneys' fees, penalties and such other relief as this Court deems just, proper and equitable.

## COUNT X – VIOLATION OF THE CONTRACTOR AND SUBCONTRACTOR PAYMENT ACT, 73 P.S. § 501, *et seq.*
### (Mathers Road Residence)

116.    Frankentek incorporates by reference paragraphs 1-11, 28-38, 50-60 and 109-115 as if fully set forth herein.

117.    Frankentek is a "Contractor" within the meaning of Section 502 of the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501, *et seq.* (the "Act").

118.    Buerger Defendants and Mathers LP are "Owners" within the meaning of Section 502 of the Act.

119.   Frankentek was retained to "improve" "real property" at the Mathers Road Residence within the meaning of Section 502 of the Act.

120.   Buerger Defendants and Mathers LP failed to timely pay Frankentek's invoices for work performed relating to the Mathers Road Residence.

121.   Buerger Defendants and Mathers LP did not provide notice to Frankentek of any deficiency items associated with the labor, materials or services provided by Frankentek relating to the Mathers Road Residence within seven (7) days of receipt of Frankentek's invoices, in order to withhold payment in accordance with the provisions of the Act.

122.   Frankentek is, therefore, entitled to interest, penalties and attorneys' fees under the Act.

123.   These damages will continue to accrue during the pendency of this action.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger and Mathers Road, LP in an amount in excess of $464,628.24, together with interest, costs of suit, attorneys' fees, penalties and such other relief as this Court deems just, proper and equitable.

## COUNT XI - UNJUST ENRICHMENT
### (Mathers Road Residence – In the Alternative)

124.   Frankentek incorporates by reference paragraphs 1-11, 28-38, 50-60 and 109-123 as if fully set forth herein.

125.   Frankentek provided labor, materials and services for Buerger Defendants', Mathers LP's and Harner Management's benefit, fully expecting compensation for such services.

126.   Buerger Defendants, Mathers LP and Harner Management accepted and appreciated the benefit of the labor, materials and services provided by Frankentek for the Mathers Road Residence.

127.   Buerger Defendants', Mathers LP's and Harner Management's retention of the benefits of the labor, materials and services provided by Frankentek without compensating Frankentek for such work would be unjust.

128.   The reasonable value of the unpaid labor, materials and services provided by Frankentek for the Mathers Road Residence is in excess of $464,628.24, exclusive of interest and costs.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, Mathers Road, LP and Harner Management, LLC in an amount in excess of $464,628.24, together with interest, costs of suit, and such other relief as this Court deems just, proper and equitable.

## COUNT XII– QUANTUM MERUIT
### (Mathers Road Residence – In the Alternative)

129.   Frankentek incorporates by reference paragraphs 1-11, 28-38, 50-60 and 109-128 as if fully set forth herein.

130.   Buerger Defendants, Mathers LP and Harner Management have received the benefit of certain labor, materials and services provided by Frankentek for the Mathers Road Residence.

131.   Frankentek is entitled to the *quantum meruit* value of the labor, materials and services provided for Buerger Defendants', Mathers LP's and Harner Management's benefit for the Mathers Road Residence.

132.   The reasonable *quantum meruit* value of the labor, materials and services provided by Frankentek to Buerger Defendants, Mathers LP and Harner Management for which Defendants has failed and refused to pay is in excess of $464,628.24, exclusive of interest and costs.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, Harner Realty 1, LLC and Harner Management, LLC in an amount in excess of $464,628.24, together with interest, costs of suit, and such other relief as this Court deems just, proper and equitable.

## COUNT XIII – BREACH OF CONTRACT
### (Bayberry Residence)

133.    Frankentek incorporates by reference paragraphs 1-11 and 39-60 as if fully set forth herein.

134.    Frankentek entered into an agreement with Buerger Defendants, Bayberry LLC and Harner Management to perform work related to the Bayberry Residence.

135.    Frankentek performed its work in a timely, workmanlike, and professional manner.

136.    All conditions precedent to Frankentek's right to recover the amounts set forth herein have been met or otherwise waived.

137.    Buerger Defendants, Bayberry LLC and Harner Management have failed to pay for work performed by Frankentek.

138.    Buerger Defendants', Bayberry LLC's and Harner Management's failure to pay Frankentek for work it performed on the Bayberry Residence is a material breach of the parties' agreement.

139.    As a direct and proximate result of this material breach by Buerger Defendants, Bayberry LLC and Harner Management, Frankentek has incurred damages in excess of $645,355.37, exclusive of interest, costs and attorneys' fees.

WHEREFORE, Frankentek Residential Systems, LLC demands that judgment be entered in its favor against Defendants Reid Buerger, Krista Buerger, 4301 Bayberry Drive, LLC and